

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 9:06-CR-27** |
| | § | |
| **CHRISTOPHER ROGERS** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On June 16, 2006, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Christopher Rogers, on **Count 1** of the charging **Information**[1] filed in this cause.  Count 1 of the Information charges that on or about

---

[1]  The Defendant executed a waiver of indictment prior to entering his plea, and the Court advised him of his right to proceed by indictment.

September 11, 2004, in the Eastern District of Texas, Christopher Rogers, Defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:  Possession of Cocaine, a felony, in Cause Number 18,056, in the 217th Judicial District Court, Angelina County, Texas, on February 7, 1995, did knowingly and unlawfully possess in and affecting commerce a firearm, to wit:   a Highpoint, 40 caliber, semi-automatic pistol, bearing serial number 116818 in violation of Title 18, United States Code, § 922(g)(1) and 924(a)(2).  *See Information.*

Defendant, Christopher Rogers, entered a plea of guilty to Count 1 of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.     That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.     That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.     That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant Christopher Rogers' plea is

voluntary and did not result from force, threats or promises.  *See* Fed. R. Crim. P. 11(b)(2).

      d.    That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence, which was admitted into the record under seal.  *See Factual Resume.*  If the case proceeded to trial, the Government and Defendant agreed that the Government would prove, beyond a reasonable doubt, each and every essential element of the charging offense. Specifically, the Government would  establish,  through sworn testimony and evidence, the following facts, as stated in the *Factual Resume*:

The Government would prove that on September 11, 2004, Christopher Rogers was involved in a disturbance with Kendrick Cranford over an incident involving Cranford's sister. Cranford's sister claimed to have been infected with the AIDS virus by Defendant.  Cranford called the Defendant on the telephone and threatened him.

Later, Rogers and Cranford were both at a nightclub in Lufkin, Texas, when the Defendant and Cranford exchanged gun fire.  The Defendant then went to his grandmother's house located at 805 North Avenue, Lufkin, Texas, which is within the Eastern District of Texas. When the Defendant arrived, Cranford drove up, stopped, and began firing shots at the Defendant.  The Defendant returned gun fire.

3

Officers with the Lufkin Police Department responded to the incident, and the Defendant admitted that he had obtained a firearm to confront Cranford at the nightclub.  The Defendant then took officers to a vacant lot where he had hidden the firearm after the shooting.  Officers recovered a Highpoint, 40 caliber, semi-automatic pistol bearing serial number 116818.

The Government would show that Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:  Possession of Cocaine, a felony, in cause number 18,056 in the 217th Judicial District Court, Angelina County, Texas.

The Government would also present the testimony of Special Agent Brandon Chenault with the Bureau o f Alcohol, Tobacco, Firearms, and Explosives.  He is an expert in the field of interstate commerce as it relates to the manufacturing of firearms and ammunition.  He would testify that he determined that the Highpoint pistol was not manufactured in Texas and, therefore, traveled in interstate commerce.

Defendant, Christopher Rogers, agreed with the above-stated facts.  Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** on file in this criminal

proceeding.   The Court also recommends that the District Court conditionally accept the plea agreement.[2]   Accordingly, it is further recommended that, Defendant, Christopher Rogers, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.   At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.   The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.   *See* FED. R. CRIM. P. 11(c)(3).   If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement.   *See* FED. R. CRIM. P. 11(c)(3)(B).   If the plea agreement is

---

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 21st day of June, 2006.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE